**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-8054**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

REGINALD ANTHONY FALICE,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:98-cr-00244-GCM-1)

---

Submitted: February 20, 2014     Decided: February 26, 2014

---

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Reginald Anthony Falice, Appellant Pro Se. Gretchen C. F. Shappert, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Paul Bradford Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Anthony Falice seeks to appeal the district court's orders denying his 28 U.S.C. § 2255 (2012) motion as second or successive and his motion to correct tax assessment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's orders were entered on the docket on October 19, 2012, and February 6, 2013. The notice of appeal was filed on November 7, 2013.[*] Because Falice failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny his motion to appoint counsel and

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED